## CORDES v. BAILEY.

[No. 5,797. Filed October 9, 1906. Rehearing denied November 14, 1906.]

1. PLEADING.—*Complaint.*—*Contracts.*—*Justices of the Peace.*— *Practice.*—Under §1529 Burns 1901, §1461 R. S. 1881, a copy of the original instrument sued upon, filed with the justice of the peace, is a sufficient complaint. p. 84.

2. CONTRACTS.—*Attorney and Client.*—*Fees.*—*Settlement Out of Court.*—An attorney contracting to defend his client in a divorce suit for a specified sum, is entitled to said sum though the case was settled out of court, the attorney rendering all the service required by the client. p. 84.

3. SAME.—*Attorney and Client.*—*Services in Cause.*—*What Is Included.*—A contract by an attorney to defend his client in a case in court includes the necessary work in the preparation of the case for trial, as well as the service in conducting the case in court, both parties being bound by such contract regardless of the amount of work necessary. p. 85.

From Superior Court of Marion County (68,105); *Vinson Carter,* Judge.

Action by John M. Bailey against Herman Cordes. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*U. J. Hammond* and *Donald S. Morris,* for appellant.
*William T. Brown,* for appellee.

ROBY, J.—Appellee sued appellant in a justice of the peace court upon a written contract in terms as follows:

"Indianapolis, Indiana, October 9, 1903.
This agreement made and entered into between Herman Cordes and John M. Bailey, both of Marion county, Indiana, witnesseth: Said Cordes has this day employed said Bailey to assist in defending him in a suit in the Marion Circuit Court for a divorce and alimony, wherein Margaretha Cordes, his wife, is plaintiff, and Herman Cordes is defendant. And for said services said Cordes hereby agrees to pay said Bailey, as a fee, the sum of $200 at the termination of said cause in said circuit court.

Said Bailey hereby accepts said employment upon said terms. Witness the parties this ninth day of October, 1903.                                   John M. Bailey.
                                                   H. Cordes."

Plaintiff had judgment, and the defendant appealed to the superior court, where a special finding of facts was made, conclusion of law stated, and judgment rendered for appellee in accordance therewith for $200.

The first three errors assigned involve the sufficiency of the complaint; the fourth, the correctness of the conclusion of law. By statute a copy of the original instrument, which is the foundation of the action, constitutes a sufficient complaint in justices' courts. §1529 Burns 1901, §1461 R. S. 1881. The objections to the complaint are without merit.

There was no error in the conclusion of law. Appellee rendered services as he was called upon to do, and the fact that he did not go into court, that the case was disposed of by agreement between the parties without trial, was presumptively to appellant's advantage, and did not release him from his obligation to pay his attorney as he had agreed to do.

Judgment affirmed.

## ON PETITION FOR REHEARING.

ROBY, J.—It is stated in the special findings that after said employment appellee had several consultations with appellant, and also looked up and interviewed a number of

witnesses, preparatory to the trial of the cause; that a cross-complaint was prepared by his associate counsel, and submitted to and approved by appellee; that said cause was pending from October 6, 1903, until January 7, 1904, on which latter day both the plaintiff's complaint and the defendant's cross-complaint were dismissed by them; that the value of the services actually rendered was $100, and that appellee was at all times ready to perform any services requested of him under the contract, the only reason for his not rendering service in court, being the dismissal aforesaid.

The argument of appellant's skilful counsel is based upon the assumption that the only services contemplated by the written contract were such as might be rendered in the trial of the cause. The assumption is incorrect. By the contract appellee agreed to assist appellant in making defense to a suit then pending against him in the Marion Circuit Court. Preparations for the trial were probably as necessary and as clearly a part of such defense as actual participation in the trial itself, and were therefore within the scope of the employment. If conditions were reversed, and appellee were suing for the reasonable value of services rendered in preparation, appellant would have no trouble in understanding that they had been rendered under the contract. What we hold is that the parties, as shown by the special findings, made a written contract fixing the amount which appellee should receive for his services in a certain cause, and that he, having rendered such services as were necessary, is bound by the stipulation and may recover according to it. If he had not rendered any part of the service contemplated, a different question would be presented.

Petition for rehearing overruled.